UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEDORO SEVERIANO ALCARAZ, | No. 2:19-cv-0030 JAM DB P |
| Plaintiff, | |
| v. | ORDER |
| MICHAEL MARTEL, | |
| Defendant. | |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. (ECF Nos. 1, 7, 9). This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1)(B).

For the reasons stated below, the court shall order plaintiff to show cause why this action should not be dismissed without prejudice for failure to exhaust administrative remedies. In addition, it shall deny both of plaintiff's motions to proceed in forma pauperis as premature.

**I.  PLAINTIFF'S COMPLAINT**

Plaintiff's complaint names the following California Health Care Facility employees as defendants: Warden Michael Martel, Correctional Sergeant Morris and Appeals Coordinator S. De Jesus as defendants. (See ECF No. 1 at 1-8). He alleges that defendants violated his rights when they denied him access to the courts and failed to protect him. (See generally id. at 3-8). A

1

review of plaintiff's complaint clearly indicates that he did not exhaust his state administrative remedies prior to bringing this action. (See id. at 3).

## II. LEGAL STANDARDS FOR EXHAUSTION

### A. Prison Litigation Reform Act

Because plaintiff is a prisoner challenging the conditions of his confinement, his claims are subject to the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). "The PLRA mandates that inmates exhaust all available administrative remedies before filing 'any suit challenging prison conditions,' including, but not limited to, suits under § 1983." Albino v. Baca, 747 F.3d 1162, 1171 (9th Cir. 2014) (quoting Woodford v. Ngo, 548 U.S. 81, 85 (2006)).

Regardless of the relief sought, a prisoner must pursue an appeal through all levels of a prison's grievance process as long as some remedy remains available. "The obligation to exhaust 'available' remedies persists as long as *some* remedy remains 'available.' Once that is no longer the case, then there are no 'remedies . . . available,' and the prisoner need not further pursue the grievance." Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2005) (emphasis and alteration in original) (citing Booth v. Churner, 532 U.S. 731 (2001)).

"Under § 1997e(a), the exhaustion requirement hinges on the 'availab[ility]' of administrative remedies: An inmate . . . must exhaust available remedies but need not exhaust unavailable ones." Ross v. Blake, 136 S. Ct. 1850, 1858 (2016) (brackets in original). In discussing availability in Ross the Supreme Court identified three circumstances in which administrative remedies were unavailable: (1) where an administrative remedy "operates as a simple dead end" in which officers are "unable or consistently unwilling to provide any relief to aggrieved inmates;" (2) where an administrative scheme is "incapable of use" because "no ordinary prisoner can discern or navigate it;" and (3) where "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." Ross, 136 S. Ct. at 1859-60. "[A]side from [the unavailability] exception, the PLRA's text suggests no limits on an inmate's obligation to exhaust – irrespective of any 'special circumstances.'" Id. at 1856. "[M]andatory exhaustion statutes like the PLRA establish mandatory exhaustion regimes, foreclosing judicial discretion." Id. at 1857.

**B.     California Regulations Governing Exhaustion of Administrative Remedies**

"The California prison system's requirements 'define the boundaries of proper exhaustion.'"  Marella v. Terhune, 568 F.3d 1024, 1027 (9th Cir. 2009) (quoting Jones, 549 U.S. at 218).  In order to exhaust, the prisoner is required to complete the administrative review process in accordance with all applicable procedural rules.  Woodford, 548 U.S. at 90.  California regulations allow a prisoner to "appeal" any action or inaction by prison staff that has "a material adverse effect upon his or her health, safety, or welfare."  Cal. Code Regs. tit. 15, § 3084.1(a) (2017).[1]  The appeal process is initiated by the inmate's filing a "Form 602" the "Inmate/Parolee Appeal Form," "to describe the specific issue under appeal and the relief requested."  Id., § 3084.2(a).  "The California prison grievance system has three levels of review: an inmate exhausts administrative remedies by obtaining a decision at each level."  Reyes v. Smith, 810 F.3d 654, 657 (9th Cir. 2016) (citing Cal. Code Regs. tit. 15, § 3084.1(b) (2011); Harvey v. Jordan, 605 F.3d 681, 683 (9th Cir. 2010)).

Each prison is required to have an "appeals coordinator" whose job is to "screen all appeals prior to acceptance and assignment for review."  Cal. Code Regs. tit. 15, § 3084.5(b).  The appeals coordinator may refuse to accept an appeal and does so either by "rejecting" or "canceling" it.  Id., § 3084.6(a) ("Appeals may be rejected pursuant to subsection 3084.6(b), or cancelled pursuant to subsection 3084.6(c), as determined by the appeals coordinator.").

"Cancellation" is reserved for those appeals which the inmate cannot simply correct.  For example, an appeal can be cancelled if the action complained of "is not within the jurisdiction" of the CDCR, or if time limits for submitting the appeal have been exceeded.  Id., § 3084.6(c)(1), (4).  Upon "cancellation" of the appeal, the inmate's only recourse, if he still wishes to pursue it, is to show that the reason given for the cancellation was inaccurate or erroneous, or that "new information" now makes it eligible for review.  Id., § 3084.6(a)(3) (cancelled appeal may later be

////

---

[1]  All citations to Title 15 of the California Code of Regulations are, unless otherwise noted, for the current version, which has been unchanged, in pertinent part, since January 2011.

accepted "if a determination is made that cancellation was made in error or new information is received which makes the appeal eligible for further review").

According to the regulations, **"a cancellation or rejection decision does not exhaust administrative remedies."** Id., § 3084.1(b) (emphasis added). Outside any exceptions outlined in the regulations, "all appeals are subject to a third level of review, as described in section 3084.7, before administrative remedies are deemed exhausted." Id.

### III. DISCUSSION

#### A. Plaintiff's Complaint

A review of plaintiff's complaint indicates that it is clear on its face that plaintiff did not exhaust his state administrative remedies prior to bringing this action. (See ECF No. 1 at 3). Specifically, in response to the question of whether he has appealed his request for relief to the highest level, plaintiff responds in the negative. (See id. at 3). Thereafter, in an effort to explain why he has not fully exhausted his administrative remedies, plaintiff writes: "The appeal was cancelled at the first level. I appealed the cancellation, and that appeal was cancelled as well, rendering the administrative remedies 'unavailable'." (See id. at 3).

The law is clear: The prison administrative process must be pursued as the first and primary forum for redress of grievances. Vaden v. Summerhill, 449 F.3d 1047, 1051 (9th Cir. 2006). "All appeals are subject to a third level of review . . . before administrative remedies are deemed exhausted." Cal. Code Regs. Tit. 15, § 3084.1(b). Moreover, a cancelled grievance is not administratively exhausted. See id.

Aside from the fact that plaintiff's reasons for not having exhausted his administrative remedies prior to filing the instant action contradict existing law, plaintiff's complaint fails to proffer any of the lawful exceptions to the exhaustion rule that would eliminate the exhaustion requirement. See, e.g., Ross, 136 S. Ct. at 1859-60. Thus, when measured up against both case and statutory law, on its face, plaintiff has not properly exhausted his claims, and he has provided no lawful excuse for not having done so. Therefore, this court may not review plaintiff's complaint. Instead, plaintiff will be ordered to show cause why this action should not be

dismissed without prejudice for failure to exhaust administrative remedies. See Ford v. Johnson, 362 F.3d 395, 401 (7th Cir. 2004) (stating all dismissals under Section 1997e(a) should be dismissals without prejudice).

### B. Plaintiff's In Forma Pauperis Application

Section 1997e(a) states: "No action shall be brought with respect to prison conditions under [S]ection 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (brackets added). An action has been "brought" for purposes of Section 1997e(a) when the prisoner submits the complaint to the court, not when it is subsequently filed.[2] Vaden, 449 F.3d at 1050 (citation omitted); see also O'Neal v. Price, 531 F.3d 1146, 1151-52 (9th Cir. 2008) (citing Vaden).

"Neither fee collection nor notice to the adversary is at issue when applying [Section] 1997e(a)." Ford, 362 F.3d at 398-99 (finding complaint was "brought" when mailed to court even though not filed); see generally Vaden, 449 F.3d at 1050 (Ninth Circuit agreeing with Ford analysis and adopting its holding as its own).

Although plaintiff has filed applications to proceed in forma pauperis (see ECF Nos. 7, 9), plaintiff has brought this action prior to exhausting his administrative remedies. Section 1997e(a) categorically forbids a plaintiff from bringing a Section 1983 suit until administrative remedies have been exhausted. See 42 U.S.C. § 1997e(a). This is true irrespective of whether plaintiff has filed an application to proceed in forma pauperis. See Ford, 362 F.3d at 398-99; see also Vaden, 449 F.3d at 1050. Therefore, plaintiff's motions to proceed in forma pauperis are premature. For this reason, they will be denied as such.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis, filed January 25, 2019 (ECF No. 7), is DENIED as premature;

---

[2] A claim is "filed" for purposes of Section 1997e(a) when it has been reviewed by the district court and either the filing fee is paid, or the prisoner is permitted to proceed in forma pauperis. See Ford, 362 F.3d at 398-99; see generally Vaden, 449 F.3d at 1050 (Ninth Circuit agreeing with Ford analysis).

5

2. Plaintiff's motion to proceed in forma pauperis, filed February 13, 2019 (ECF No. 9), is DENIED as premature, and

3. Within thirty days of the date of this order, plaintiff shall show cause why this action should not be dismissed without prejudice for failure to exhaust administrative remedies. Plaintiff is warned that failure to show cause within this period will result in a recommendation that this action be dismissed.

Dated: February 11, 2020

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:13
DB/ORDERS/ORDERS.PRISONER.CIVIL RIGHTS/alca0030.fte.osc